JUDGE ELLIOTT
delivered the opinion op the court.
On the 25th of July, 1845, John B. Winston made and executed his last will and testament, and that part of it devising his real estate is in the following language“ I give and bequeath to my sister, Mary Booker, the tract of land on which she now lives, in the county aforesaid (meaning Green County), supposed to contain one hundred and eighteen acres, for and during the time of her natural life, and at or after her • death the title of said land to be vested in Yelverton G. Booker, for the support and benefit of her daughters Ann R. Rucker, Sarah A. Jefferson, and Mary M. Booker; and in case the said Yelverton O. Booker shall depart this life before the death of my sister Mary, then, and in that event, the title of the land to vest in the daughters hereinbefore named; and further, it is my will and desire that my brother, William Winston, live with and have a home with my sister Mary on said land, so long as she may live, in the same manner that he has lived with the family; and in cqse my sister Mary shall die before my brother William, then he is to live with her daughters so long as he may live.”
At the time this will was made the life-tenant under the will and her daughters were residing on the land. Some time after the making of his will John B. Winston departed this life, and his will was duly probated by the Green County Court, and some years after his death his sister Mary died, leaving her son, Yelverton O. Booker, and her daughters in possession of the land. Soon after her death her daughter, Mary M. Booker, died unmarried, and her estate descended to her two brothers and three sisters. Then Ann R. Rucker died, leaving'Daniel B. Rucker her only heir-at-law, and therefore of the three daughters mentioned in the "testator’s will Mrs. Sarah A. Jefferson only survived, and resided on the land, and so did Yelverton O. Booker. Yelverton O. Booker, it seems, became largely involved in debt, and about the year *156 1866 various executibns issued against his estate, which by his consent were levied upon this one-hundred-and-eighteen-acre tract of land that had been disposed of by the will of John B. Winston, which tract of land was afterward sold by the sheriff and bought by John B. Carlile and others, under whose purchase the appellees claim the land.
At the time of this purchase Sarah A. Jefferson resided on the land, which she continued to do up to her death, which occurred during this litigation. Mrs. Jefferson also made a will, by which she devised all of her interest in the land to D. E. Booker, T. W. Booker, and Matilda, the children of Yelverton O. Booker and appellants in this suit.
The land having been purchased by Carlile and others by virtue of their execution-levies, and the sheriff having made them a deed, they sued Yelverton O. Booker and Sarah A. Jefferson, the tenants in possession, in an ordinary action, for the possession of the land, which was transferred to equity, and it is contendedothat the appellees are entitled to the land on two grounds: first, because by the will of John B. Winston the fee in the land was vested in Yelverton O. Booker, with only a charge upon it for the support and maintenance of Ann R. Rucker, Mary M. Booker, and Sarah A. Jefferson; and second, because Yelverton O. Booker gave up the land to be sold under the executions, by virtue of which appellees purchased, and thereby they are purchasers from him without notice of any beneficial interest of his sisters; and as he held the legal title which they acquired without notice of any outstanding equity, their title is complete.
It is further contended, that as no words are used in the will indicating that the fee in the land was devised for the benefit of Ann R. Rucker, Mary M. Booker, and Sarah A. Jefferson, they only took a life-estate.
We are of opinion that by the will of Winston the land iu dispute was devised to Mary Booker for life, and at her *157 death the legal title was vested in Yelverton O. Booker, in trust for the use and benefit of Ann R. Rucker, Mary M. Booker, and Sarah A. Jefferson forever, subject to a charge for the maintenance of William Winston so long as he chose to remain with his nieces on the farm.
In Gill’s heirs v. Logan’s heirs, 11 B. Mon. 233, this court used the following language: When the title to land is conveyed to a trustee, without any specification of the duties of the trustee or the rights of the beneficiaries, he holds a fee under our statutes for the use of the beneficiaries, and it is subject to the same rules as to its limitation and devolution as a legal estate, and though all the beneficiaries die,- the estate does not revert but passes by descent.
We think it is plain that the testator intended to and did devise his entire estate in the land to Y. O. Booker in trust for the benefit of his three nieces; and if any doubt existed as to his meaning, we think it was removed when he directed that should the life-tenant outlive Yelverton O. Booker, then the legal title should vest in his three nieces, to whom he had devised the beneficial interest, and when he also directed that his brother William should remain with his sister Mary, the life-tenant on the farm, during her life, and if he outlived her he should remain with her daughters.
If the testator vested the title in Yelverton O. Booker and only encumbered it with the support and maintenance of Ann Rucker, Mary M. Booker, and Sarah A. Jefferson, he would have directed that his brother William remain with Yelverton, and be supported by him, for the nieces would have had nothing with which to support him. We are also of opinion that the purchasers at the execution-sale were not innocent purchasers without notice, because the title to the land levied on, which was the will of Winston, indicates that the defendant in the execution had nothing but a legal title, which he held in trust for his nieces, and because Mrs. Jeffer *158 son was in possession of the land, whieh was notice of her claim. '
But the appellees are entitled to one fifteenth of the land in dispute, being the interest inherited by Y. O. Booker from his sister Mary.
Wherefore the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.